974

SUTHERLAND, Alien Property Custodian, v.
KREISCH.

No. 5068.

Court of Appeals of District of Columbia.

Argued May 6, 1930.

Decided June 2, 1930.

Thomas E. Rhodes, of Washington, D. C., for appellant.

A. Henry Walter, of Washington, D. C., and Harold W. Bissell, of New York City, for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

This appeal is from a judgment of condemnation entered in an attachment case, against the Alien Property Custodian as garnishee, condemning certain credits held by the Custodian under the Trading with the Enemy Act (40 Stat. 411 [50 USCA Appendix §§ 1–31]), to satisfy a claim sued upon under the provisions of section 30 of the act (50 USCA Appendix § 30), as enacted by the Settlement of War Claims Act of 1928 (45 Stat. 254).

The action was brought in the lower court by appellee as trustee in bankruptcy of Bankhaus Louis David, against Ewald Goldstein as defendant, to recover a judgment for money upon a certain account alleged to be due and owing from defendant to appellee. The declaration prayed that in aid of the suit, and pursuant to the provisions of the Settlement of War Claims Act of 1928, a writ of attachment should issue against the property of the defendant or the proceeds thereof seized by the Alien Property Custodian and held pursuant to the provisions of the Trading with the Enemy Act.

It appears that the defendant was a nonresident of the District of Columbia, and was absent therefrom; that service of notice of the suit was regularly made upon defendant by publication; that in compliance with the statutes of the District a writ of attachment with interrogatories was issued in the case and was regularly served upon the Alien Property Custodian; and that the Custodian answered stating that he held the amount of $7,717.75 in cash, which would be returnable to the defendant except for this attachment suit.

The case was considered by the lower court upon the record, and judgment of condemnation of the credits in the hands of the Alien Property Custodian was entered by the court under section 30 of the Act. It was considered by the court that the plaintiff recover against the defendant's interest in the moneys and credits attached in the hands of the Alien Property Custodian, garnishee, in the sum of $7,717.75, and that such moneys and credits so attached "are hereby condemned in the hands of said garnishee toward the satisfaction of plaintiff's recovery herein and execution thereof had." An appeal was then taken by the Alien Property Custodian from the judgment of condemnation.

We are of the opinion that the judgment of the lower court was correct.

It was provided in section 9 of the Trading with the Enemy Act as first enacted (40 Stat. 411), that any person not an enemy might recover for any debt due from an enemy whose property was held by the Custodian, upon due notice and application to

the President, or if such relief was denied he might bring suit for the recovery thereof from the Custodian. In subsequent amendments to the act (41 Stat. 977; 42 Stat. 1511), these provisions, with greater details and specifications, were grouped under section 9 (b) and (e) of the act; and it was provided that no debt shall be allowed under that section to any person who is a citizen or subject of any nation which was associated with the United States in the prosecution of the war, unless such nation in like case extends reciprocal rights to citizens of the United States; nor in any event shall a debt be allowed thereunder unless it was owing to and owned by the claimant prior to October 6, 1917, and as to claimants other than citizens of the United States unless it arose with reference to the money or other property held by the Alien Property Custodian or Treasurer of the United States hereunder. By subsection (f) of section 9 it was provided that except as therein provided, the money or other property held by the Alien Property Custodian shall not be liable to lien, attachment, garnishment, trustee process, or execution or subject to any order or decree of any court.

In the Settlement of War Claims Act of 1928 (45 Stat. 254), Congress amended the Trading with the Enemy Act by the addition of various paragraphs in subsection (b) of section 9 whereby provision was made for the return to persons, including enemies, of the property held by the Alien Property Custodian formerly owned by them, less 20 per cent. of the value thereof. The act also amended subsection (e) of section 9 of the Trading with the Enemy Act, by adding thereto a condition that no debt shall be allowed under that section unless notice of the claim has been filed, or application therefor has been made, prior to the date of the enactment of the Settlement of War Claims Act of 1928 (50 USCA Appendix § 9). The Trading with the Enemy Act was furthermore amended by the Settlement of War Claims Act of 1928 by the addition thereto of section 30 (50 USCA Appendix § 30), which reads as follows:

"§ 30. Any money or other property returnable under subsection (b) or (n) of section 9 shall, at any time prior to such return, be subject to attachment in accordance with the provisions of the code of law for the District of Columbia, as amended, relating to attachments in suits at law and to attachments for the enforcement of judgments at law and decrees in equity, but any writ of attachment or garnishment issuing in any such suit, or for the enforcement of any judgment or decree, shall be served only upon the Alien Property Custodian, who shall for the purposes of this section be considered as holding credits in favor of the person entitled to such return to the extent of the value of the money or other property so returnable. Nothing in this section shall be construed as authorizing the taking of actual possession, by any officer of any court, of any money or other property held by the Alien Property Custodian or by the Treasurer of the United States."

The writ of attachment in the present case was issued and the judgment of condemnation was entered under the provisions of this section.

It is contended by appellant that the judgment of condemnation violates the final provision of the section, which forbids "the taking of actual possession, by any officer of any court, of any money or other property held by the Alien Property Custodian or by the Treasurer of the United States." Appellant contends that the only logical conclusion to be reached from a consideration of all the pertinent statutes is that "Congress intended that a creditor of a person who has funds in the hands of the Alien Property Custodian might bring an action at law in the Supreme Court of the District of Columbia and obtain a writ of attachment against the Alien Property Custodian as garnishee and that the service of such a writ of attachment would prohibit the Custodian from making any disposition of the funds or returning them to the original owner until said owner should satisfy any judgment of the Supreme Court of the District of Columbia which should be entered against him."

We do not agree with this contention. In our opinion section 30 forbids the actual seizure of any property in the hands of the Custodian by the court officer who serves the writ of attachment, but the section specifically permits of the levy of the attachment upon the property held by the Custodian, and provides that for the purposes of such levy the Custodian shall be considered as holding credits in favor of the person entitled to the return of the property to the extent of the value of the money or other property returnable under the act as amended. This provision converts the writ of attachment issued against the Custodian under section 30 into a writ of garnishment, regardless of the kind of property affected by it in the hands of the Custodian. But it does not deprive the court

of authority to enter a judgment of condemnation as in other garnishment cases. It is expressly provided in section 30 that such attachments as are authorized thereby shall be effected in accordance with the provisions of the Code of Laws of the District of Columbia relating to attachments in suits at law and to attachments for the enforcement of judgments at law and decrees in equity. It may be noted that section 464, D. C. Code of Laws, provides for judgments of condemnation such as that now in controversy. Moreover, it is obvious that proceedings "for the enforcement of judgment at law and decrees in equity" by means of attachments can be of no avail without judgments of condemnation. Without such judgments the provisions of section 30 would be futile.

Other objections to the judgment of condemnation are presented by appellant, but we find them unconvincing. The Settlement of War Claims Act of 1928 marks a complete legislative change in dealing with the property in the hands of the Alien Property Custodian. It provides for the return of such property (less 20 per cent. thereof) to the original owners, including enemies and allies of enemies, and permits of the recovery of creditors' claims against the owners regardless of whether the creditors are enemies or allies of enemies. This complete departure from former legislative purposes furnishes an answer to the argument that the claim sued upon in this case does not respond in all particulars to the conditions prescribed in the former acts, when a different Congressional purpose obtained.

The judgment appealed from is accordingly affirmed.